# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **FIRST NATIONAL BANK** | **CIVIL ACTION NO. 05-1610** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **COMMUNITY TRUST BANK** | **MAG. JUDGE KAREN L. HAYES** |

## OPINION

Pending before this Court is an Appeal [Doc. No. 1], brought by First National Bank ("First National") from a Judgment rendered on August 16, 2005, by the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court"). For the following reasons, the Bankruptcy Court's Judgment is AFFIRMED, and First National's appeal is DENIED.

**I.   FACTS AND PROCEDURAL HISTORY**

This action arises out of an order for consensual sale of property issued by the Bankruptcy Court during the pendency of a bankruptcy proceeding.

Peter Bruce Schumacher ("Debtor") mortgaged certain property to Appellee Community Trust Bank ("Community Trust") and First National. Community Trust took a first mortgage on an eighteen-acre tract of land ("the property") owned by Debtor. First National took a mortgage on a twenty-six acre tract of land owned by Debtor that included the eighteen acre tract of land already mortgaged to Community Trust.

On November 27, 2002, Debtor filed a petition for Chapter 7 bankruptcy (*In re Schumacher*, Case No. 02-32449). Debtor listed two secured claims against the property, namely those of Community Trust and First National.

1

First National filed a Motion to Lift Stay and Abandon Property and to Lift Co-Debtor Stay. The motion was granted on January 29, 2003, the stay was lifted, and the property was abandoned by the Trustee.

On May 7, 2003, Debtor was discharged. On May 12, 2003, the Chapter 7 Trustee and Community Trust filed a joint motion to sell the property to Community Trust as a secured creditor. An Order approving the sale was entered on June 6, 2003. Pursuant to that Order, the Trustee executed an act of sale for the property, which was recorded in the public records in Lincoln Parish.

On June 30, 2003, the bankruptcy case was closed.

On July 27, 2004, the Chapter 7 Trustee, Lucy Sikes, filed a motion to reopen the case, which was granted on July 29, 2004. The Trustee then filed a motion to vacate the June 6, 2003 Order of the Bankruptcy Court authorizing the consensual sale of the property to Community Trust. First National objected to the motion to vacate, arguing that the Order was final and that the sale extinguished Community Trust's mortgage on the property.

A hearing was held on September 1, 2004, and the Bankruptcy Court dismissed the motion to vacate without prejudice to the filing of an adversary proceeding seeking a declaratory judgment on the issue.

Community Trust then filed its Complaint for Declaratory Judgment ("Complaint") on September 20, 2004, seeking to have the consensual sale of the property vacated. Community Trust argued that the estate had no interest in the property at the time of the sale because the order lifting the stay had also abandoned the estate's interest in the property. First National answered by filing a Motion to Withdraw the Reference.

The Motion to Withdraw the Reference was referred by the Court to Magistrate Judge Karen L. Hayes for report and recommendation. On June 8, 2005, Magistrate Judge Hayes recommended that First National's Motion to Withdraw the Reference be denied. On August 12, 2005, this Court adopted Magistrate Judge Hayes' recommendation and denied First National's Motion to Withdraw the Reference. The case was returned to the Bankruptcy Court.

On August 16, 2005, the Bankruptcy Court issued Reasons for Decision and an Order vacating its June 6, 2003 Order as being improvidently granted. The Bankruptcy Court determined that the sale was of no effect because of its January 29, 2003 Order that abandoned the property from the estate.

## II. ISSUES ON APPEAL

First National presents three issues for review:

(1) Did the Bankruptcy Court err as a matter of law when it entered the August 16, 2005 Order and rendered its Reasons for Decision *sua sponte* and prior to First National answering the Complaint?

(2) Did the Bankruptcy Court err as a matter of law when it entered the August 16, 2005 Order and rendered its Reasons for Decision because Community Trust was time-barred from seeking to vacate the Bankruptcy Court's Order of June 6, 2003?

(3) Did the Bankruptcy Court err as a matter of state substantive law in purporting to say the act of sale had no effect?

## III. LAW AND ANALYSIS

### A. Jurisdiction

The Court's jurisdiction to hear appeals from orders of the bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . . An appeal under this subsection shall be taken only to the district court for the judicial district in which the

3

bankruptcy judge is serving." 28 U.S.C. § 158(a).

B.     **Standard of Review**

A federal district court reviewing a bankruptcy court's decision acts as an appellate court and thus applies the same standard of review generally used by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). The bankruptcy court's findings of fact are examined under the clearly erroneous standard. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993). Factual findings are reversed only if, based on all of the evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.* The bankruptcy court's conclusions of law, as well as mixed questions of law and fact, are subject to de novo review. *Matter of Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). Finally, the bankruptcy court's decision on a motion for relief from a stay are reviewed under an abuse of discretion standard. *In re Chunn*, 106 F.3d 1239, 1242 (5th Cir. 1997).

C.     **Analysis**

1.     **Judgment *Sua Sponte***

First National argues that the Bankruptcy Court had no authority to enter its August 16, 2005 Order and Reasons for Decision prior to receiving an answer from First National to Community Trust's Complaint.

The Court finds First National's argument to be without merit. The record indicates that First National responded to Community Trust's Complaint in its "Combined Motion to Withdraw the Reference and, in any Event, to Dismiss." Thus, First National did, in fact, have an opportunity to respond to Community Trust's Complaint.

2.     **Timeliness Under Rule 60**

First National next argues that Community Trust is time-barred from seeking to vacate the Bankruptcy Court's June 6, 2003 Order under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) reads in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

According to First National, Community Trust could only be relieved from the June 6, 2003 Order if the judgment was a mistake, inadvertence, newly discovered evidence which due diligence could not have found in time to move for a new trial, or fraud or misrepresentation, and, Community Trust made the motion within one year of the June 6, 2003 Order or order closing the case on June 30, 2003.

However, Rule 60(b) also states in pertinent part, "The court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void; . . . (6) any other reason justifying relief from the operation of the judgment." *See Id.* First National's timeliness argument was previously examined and discussed in Magistrate Judge Hayes' report and recommendation. Magistrate Judge Hayes noted that a bankruptcy court has liberal power to vacate its own judgment or order in accordance with Rule 60. *See also In Re Lebanon Steel Foundry*, 48 B.R. 520 (M.D. Penn. 1985). In this case, Community Trust claimed that the order of consensual sale was void because the Bankruptcy

5

Court lacked jurisdiction over the property affected by the June 6, 2003 Order. *See Jackson v. FIE Corp.*, 302 F.3d 515, 523-24 (5th Cir. 2002) (A motion under Rule 60(b) on the basis of a void judgment does not have a one year deadline, but can be made at any time).

Under the circumstances of this case, Magistrate Judge Hayes determined that Community Trust was not time-barred by Rule 60. This Court adopted Magistrate Judge Hayes' recommendation on August 12, 2005, and the Bankruptcy Court came to the same conclusion in its Order and Reasons for Decision on August 16, 2005.

For the reasons previously listed in Magistrate Judge Hayes' recommendation, later adopted by this Court, and relied upon by the Bankruptcy Court, the Court finds that the bankruptcy judge did not err in holding that Community Trust was not time-barred from seeking to vacate the Bankruptcy Court's June 6, 2003 Order.

### 3. Effect of Sale

Finally, First National argues that the Bankruptcy Court had no authority to determine that the June 6, 2003 Order had no effect because this matter is controlled entirely by the state public records doctrine. *See* La. Rev. Stat. 9:2721. It argues that the June 6, 2003 Order, and Community Trust's recording of the Order, extinguished Community Trust's mortgage. While First National's argument was implicitly examined in Magistrate Judge Hayes' report and recommendation, and later applied by the Bankruptcy Court in its Order and Reasons for Decision, the Court will clarify why First National's argument fails under these circumstances.

First National filed a Motion to Lift Stay and Abandon Property and to Lift Co-Debtor Stay. An order granting relief from the stay and abandoning the property from the estate was entered on January 29, 2003.

The Bankruptcy Court relied on Magistrate Judge Hayes' report and recommendation and

6

held that because the property in question was not a part of the estate at the time the consensual sale was ordered, the sale was void and has no effect. Because the order lifting the stay had also abandoned the estate's interest in the property, the estate had no interest in the property at the time of the sale, and Community Trust's mortgage on the property could not be extinguished.

First National argues that the Louisiana Public Records Doctrine ("Public Records Doctrine") does not allow for Community Trust to renew its mortgage under these circumstances.[1] Even though a mortgage that is cancelled because of fraud, error, or mistake may qualify as an exception to the Public Records Doctrine and would not deprive the holder of its security interest, First National argues that Community Trust does not fall within these exceptions.

First National relies heavily on *Central Bank v. Frost*, 552 So.2d 508 (La.App. 2 Cir. Nov. 1, 1989) and *Schudmak v. Prince Phillip Partnership*, 573 So.2d 547 (La.App. 5 Cir. Jan. 16, 1991), for the proposition that mortgage holders cannot invoke an exception under the Public Records Doctrine to protect them from their own actions. First National argues that because Community Trust filed for, and was granted, an order of consensual sale on June 6, 2003, it is prohibited from later complaining that the sale was a mistake.

The Court agrees that *Central Bank* and *Schudmak* stand for the general proposition

---

[1] The Louisiana Public Records Doctrine reads in pertinent part:
> No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated; and neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.

La. Rev. Stat. art. 9:2721.

stated by First National, but that, in this case, the Public Records Doctrine is inapplicable because the property had been abandoned from the estate and the Bankruptcy Court lacked jurisdiction to enter its June 6, 2003 Order. The Trustee acknowledged this error when she filed her motion to vacate the sale. Since the property was not part of the bankruptcy estate, the Bankruptcy Court had no authority or jurisdiction to order the consensual sale and, therefore, the sale was void. Thus, the Court finds that the Bankruptcy Court did not err when it held that the consensual sale had no effect and vacated its June 6, 2003 Order.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Judgment of August 16, 2005, is AFFIRMED, and First National's Appeal [Doc. No. 1] is DENIED.

MONROE, LOUISIANA, this 21st day of March, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE